# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re:      Andrew Boyle                 )   Case No. 23-20288-13
                             Debtor  )

## <u>CERTIFICATION OF DEBTOR</u>

The Debtor hereby certifies under penalty of perjury the following statements are true and correct:

1. The Chapter 13 Trustee filed a Notice of Completion of Plan Payments.

2. The Debtor filed Official Form 423 (Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management), and, if applicable, the Joint Debtor filed Official Form 423, and the Debtor(s), if applicable, completed an Instructional Course as described in 11 U.S.C. § 111.

3. The Debtor make(s) the following certification regarding domestic support obligations:

    ☒ a. The Debtor <u>has not</u> been required by a judicial or administrative order, or by statute, to pay any domestic support obligation as defined in 11 U.S.C. § 101(14A), either prior to the date the petition was filed, or any time after the petition was filed.

4. Debtor makes the following representation regarding a claim of homestead exemption:

    ☒ a. Debtor has not claimed an exemption under 11 U.S.C. § 522(b)(3) in an amount in excess of that stated in 11 U.S.C. § 522(q)(1) and in property of the kind described in 11 U.S.C. § 522(q)(1).

5. Debtor represent(s) that 11 U.S.C. § 522(q)(1) is not applicable to the Debtor because the Debtor has not been convicted of a felony which under the circumstances, demonstrates that the filing of the case was an abuse of the provisions of the Bankruptcy Code; or that the Debtor owe(s) any debt arising from (1) any violation of the Federal securities laws, any State securities laws, or any regulations issued under Federal or State securities laws, (2) fraud, deceit or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 23 or 15(d) of the Securities Exchange Act of 1934, or under section 6 of the Securities Act of 1933; (3) any civil remedy under section 1964 of title 18; or (4) any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.

6. Debtor has not received a discharge in a case filed under Chapters 7, 11, or 12 in the four-year period preceding the date of the order for relief under this chapter, and has not received a discharge in a case filed under Chapter 13 in the two-year period preceding the date of such order.

Debtor declare(s) under penalty of perjury that the foregoing statements are true and correct, and that the Court may rely on the truth of each statement in determining whether to grant a discharge of this case. The Debtor further understand(s) that the Court may revoke the discharge if such discharge was procured by fraud.

s/ Andrew Boyle
Signature of Debtor
April 27, 2026
Date

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re:      Andrew Boyle                      )    Case No. 23-20288-13
                                Debtor  )

## CHAPTER 13 DEBTOR'S CERTIFICATION OF COMPLIANCE
## AND MOTION FOR ENTRY OF DISCHARGE

**COMES NOW** the above-captioned Debtor, by and through Counsel, and move this Court for an order discharging this Chapter 13 case. In support thereof, Debtor states that:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 1328.

2. Debtors filed a bankruptcy case under Chapter 13 of the Bankruptcy Code.

3. Debtor's Chapter 13 Plan was confirmed **May 24, 2023**.

4. All payments have been completed under the terms of Debtor's confirmed Chapter 13 Plan.

5. As a result, Debtors file the attached Certification under penalty of perjury, and submits this Motion requesting that the Court grant a discharge in accordance with 11 U.S.C. § 1328.

Dated: April 27, 2026           Respectfully submitted,
                              WM Law

                              s/ Ryan M. Graham
                              Ryan M. Graham, MO #73470; KS #79061
                              15095 W. 116th St.
                              Olathe, KS 66062
                              Phone (913) 422-0909 / Fax (913) 428-8549
                              graham@wagonergroup.com
                              ATTORNEY FOR DEBTOR

## NOTICE WITH OPPORTUNITY FOR NON-EVIDENTIARY HEARING
## ON DEBTOR'S CERTIFICATION AND MOTION FOR ENTRY OF DISCHARGE

NOTICE IS HEREBY GIVEN that if you fail to file a written objection to the above motion with the Clerk of the U.S. Bankruptcy Court at Kansas City, Kansas, on or before **May 18, 2026** the Court will enter an order prepared and submitted by the movant within ten (10) days of the objection deadline and no hearing will be held.

If an objection is timely filed, a non-evidentiary hearing will be held before the U.S. Bankruptcy Court, 500 State Avenue, Room **151**, Kansas City, Kansas 66101, **on June 16, 2026, at 1:30 p.m.**, or as soon thereafter as the Court's schedule permits. If you file an objection, you must appear at the hearing

unless you have submitted an agreed order in advance signed by all parties or their counsel.

**CERTIFICATE OF SERVICE**

I hereby certify that on, April 27, 2026, a true and correct copy of this Certification was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, and was forwarded via U.S. Mail, first class postage prepaid, and properly addressed to the parties' and/or counsel's addresses on the attached matrix who do not receive notice electronically via CM/ECF.

**[See attached mailing matrix]**

s/ Ryan M. Graham